37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Phillip HARVEY, Petitioner-Appellant,
v.
Richard GRAMLEY and Roland W. Burris, Respondents-Appellees.
 No. 93-3802.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 30, 1994.*
Decided Oct. 19, 1994.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 The district court entered a Rule 58 judgment on October 6, 1993, denying Phillip Harvey's Sec. 2254 petition for habeas relief. Without any explanation for his tardiness, Harvey filed a notice of appeal on November 22, 1993, seventeen days late. (Harvey is a prisoner and proceeds pro se in this appeal, but he makes no claim and there is no indication that he deposited his notice of appeal in the prison's internal mailing system on or before the last day of the appeal period. See Fed.R.App.P. 4(c).) Although Harvey later offered an explanation for his tardiness, which the district court accepted, it came too late.
 
 
 2
 Rule 4(a)(5) of the Federal Rules of Appellate Procedure requires a tardy appellant to file a motion to extend the time to appeal within thirty days of the date that the appeal time expires. If the motion is not timely made, the district court is not authorized to grant an extension of the appeal period. Armstrong v. Ahitow, No. 94-263, slip op. at 2 (7th Cir. September 20, 1994).
 
 
 3
 On December 3, 1993, we issued an order questioning appellate jurisdiction (noting the lateness of Harvey's appeal) and indicating that any request to extend the appeal period must be directed to the district court. In an apparent response to our order, Harvey filed a motion to extend the appeal period. (Harvey makes no claim that he did not receive notice of the judgment within 21 days of its entry. See Fed.R.App.P. 4(a)(6).) The motion was undated and filed with the district court on December 28, 1993, too late to come within the 30-day window period (which expired on December 7, 1993) prescribed under Rule 4(a)(5). The district court therefore had no authority to rule on the motion. Harvey's appeal is late and accordingly this appeal is DISMISSED for lack of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant filed such a statement on September 28, 1994. On review of appellant's statement, the appeal is submitted on the briefs and record alone pursuant to Rule 34(f)